UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PARHAM PAYROVI, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:17-CV-02480 |
| § | |
| WELLS FARGO BANK, NA, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

Pending before the Court in the above-referenced cause is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motions to Dismiss ("Motion"). Doc. 6. Plaintiff, Parham Payrovi ("Payrovi"), has not filed a response to Defendant's Motions. Thus, under Local Rule 7.4, the Motion is deemed unopposed.[1] Having considered Defendant's Motion, the facts in the record, and the applicable law, the Court concludes that the Motion should be granted and Plaintiff's case be dismissed with respect to all claims.

### I. Background

As alleged in his Original Petition, filed on July 31, 2017, in the 55th Judicial District Court in Harris County, Texas, Payrovi filed this lawsuit seeking declaratory and injunctive relief for the attempted foreclosure of real property located at 6851 Drewlaine Fields Lane, Katy, Texas 77449 (the "Property"). Doc. 1-5 at 2–4. Payrovi purchased the Property on or about May

---

[1] Even if a plaintiff fails to file a response to a motion to dismiss despite a local rule's mandate that a failure to respond constitutes a representation of nonopposition, the Fifth Circuit has rejected the automatic granting of dispositive motions without the court's consideration of the substance of the motion. *Teamer v. Napolitano*, No. CIV.A. H-11-1808, 2012 WL 1551309, at *8–9 (S.D. Tex. May 1, 2012) (citing *Watson v. United States*, 285 Fed. Appx. 140, 143 (5th Cir. 2008), quoting *John v. Louisiana*, 757 F.2d 698, 708–09 (5th Cir. 1985). "The mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." *Id.* Thus, the Court examines the substance of the motion to dismiss.

19, 2000 and gave Wells Fargo a promissory note and deed of trust on January 7, 2003. Docs. 1-5 at 3 ¶ 5; 1-6 at 3 ¶ 7, 9 ¶ 4. Payrovi paid Wells Fargo monthly, until November of 2015, when he fell behind. Doc. 1-6 at 9 ¶ 5. As a result, Wells Fargo posted a "Notice of Substitute Trustee Sale" for August 1, 2017 at 10:00 a.m. Doc. 1-5 at 3 ¶ 6. Payrovi asserts that he "NEVER RECEIVED NOTICE" of the sale. Doc. 1-5 at 3 ¶ 6.

After filing suit, Payrovi sought and received a temporary restraining order ("TRO") against the foreclosure sale. Doc. 1-7. In an affidavit attached to the TRO, Payrovi contradicted his earlier statement indicating that he had not received notice: "I was given notice of the Bank's intention to foreclose on my home." Doc. 1-6 at 9 ¶ 4.

On August 14, 2017, Wells Fargo removed the state-court action to federal court on the basis of diversity jurisdiction. Doc. 1 ¶ 6. According to his petition, Payrovi "resides in Harris County, Texas." Doc. 1-5 at 2 ¶ 1. Wells Fargo's main office is located in South Dakota, and is therefore a citizen of South Dakota for diversity purposes. Doc. 1 ¶ 11; 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307, 318 (2006). The parties agree that the amount in controversy is greater than $75,000. Docs. 1 ¶ 12–15, 1-5 at 3 ¶ 5. Accordingly, under 28 U.S.C. §§ 1332, 1441, and 1446, the Court has jurisdiction.

Defendant subsequently filed its Motion to Dismiss, alleging Payrovi "fails to state a claim upon which relief can be granted." Doc. 6 at 1. Plaintiff did not file a response. The Motion is now ripe for adjudication.

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint, viewed in the light most favorable to the plaintiff, must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks

omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While a court must accept all of plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### III. Discussion

In his Original Petition, Payrovi asserts a wrongful-foreclosure claim against Wells Fargo in violation of "Rule 736" and seeks a declaration and injunction. TEX. R. CIV. P. 736 (expedited foreclosure proceedings). Payrovi seeks a declaration that "notices of default, acceleration, and application must be given to [him] before any foreclosure" sale. Doc. 1-5 at 4 ¶ 9. Payrovi also seeks permanent injunctive relief precluding foreclosure on the Property. *See* Doc. 1-6 at 7 ¶ E.

#### A. Wrongful-Foreclosure Claim

Under Texas law, to state a claim for wrongful foreclosure a plaintiff must show (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Charter Nat. Bank-Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied)). Because wrongful foreclosure "is premised upon one's lack of possession of real property, individuals never losing possession of the property cannot recover on a theory of wrongful foreclosure." *Baker v. Countrywide Home Loans, Inc.*, No. 3:08–CV–0916–B, 2009 WL 1810336, *4 (N.D. Tex. June 24, 2009). Thus, courts in Texas "do not recognize an action for attempted wrongful foreclosure." *Id. See also, e.g., Reynoso v. Wells Fargo Bank, N.A.*, No. 4:16-CV-01059, 2017 WL 4270718, at *5 (S.D. Tex. Sept. 26, 2017) (wherein this Court

adopted the reasoning of its sister courts).

Here, Payrovi asserts three "reasons" in support of his wrongful-foreclosure claim, but does not indicate that he lost possession of the property: (1) "[p]roper notice was not given" for the intended foreclosure sale; (2) the "[p]ayoff amount" Wells Fargo provided to Payrovi was "insufficient of details of total fees, charges and past due amounts" to give Payrovi "the opportunity to cure"; and because (3) the Property is "unique in its value to [Payrovi] as his equitable investment," foreclosure would "unfairly and unreasonably deprive [Payrovi] of the opportunity to cure any default and to retain the property." Doc. 1-5 ¶ 7. The state court granted Payrovi's TRO, preventing the initial foreclosure sale. Doc. 1-7. The record does not show that Wells Fargo completed a later foreclosure sale. Thus, the Court finds that Payrovi never lost possession of the Property. Accordingly, the Court concludes that Payrovi's wrongful-foreclosure claim—for inadequate notice or any other reason—must be dismissed.[2] *See Reynoso*, 2017 WL 4270718, at *5; *See Baker*, 2009 WL 1810336, *4.

Having concluded that Payrovi's wrongful-foreclosure claim must be dismissed, the Court also dismisses Payrovi's derivative claims for declaratory relief and permanent injunction. A declaratory action cannot be used "as a vehicle to create a cause of action." *See Rose Bobbitt v. Wells Fargo Bank, N.A.*, No. CV H-14-387, 2015 WL 12777378, at *3 (S.D. Tex. May 7, 2015) (quoting *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171–72 (5th Cir. 1990)). Likewise, injunctive relief without a cause of action

---

[2] The Court also disregards Payrovi's allegation that he was not given notice because in his affidavit, attached to the TRO, he states that he **was** given notice. Doc. 1-6 at 9 ¶ 4. *See Cox v. Bank of Am., N.A.*, No. CV H-16-2624, 2017 WL 1622043, at *2 (S.D. Tex. May 2, 2017) (quoting *Martinez v. Reno*, No. 3:97–CV–0813–P, 1997 WL 786250, at *2 (N.D. Tex. Dec. 15, 1997) (citing *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)) ("Where the allegations in the complaint are contradicted by facts established by documents attached as exhibits to the complaint, the court may properly disregard the allegations.").

supporting entry of a judgment must be dismissed. *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. CIV.A. H-12-2466, 2013 WL 286250, at *9 (S.D. Tex. Jan. 24, 2013) (collecting cases showing that injunctive relief is not an available remedy absent an underlying cause of action under both Texas and federal law)). Because Payrovi provided no other causes of action, the claims for declaratory relief and permanent injunction are dismissed.

### B. Amendment

Defendant requests dismissal of all claims with prejudice. Doc. 6 at 1. However, when a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion.")). The court should only deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face. 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1487 (2d. ed. 1990); *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 994 (S.D. Tex. 2011). Here, the proposed wrongful-foreclosure claim appears to be legally insufficient on its face because the property was never foreclosed upon. *See Reynoso*, 2017 WL 4270718, at *5. Thus, Payrovi's should not be given leave to amend his complaint under Rule 15(a) before his claim is dismissed

with prejudice.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss, Doc. 6, is **GRANTED** as to the wrongful-foreclosure claim and derivative declaratory and injunctive relief claims. Final judgment will issue by separate order.

SIGNED at Houston, Texas, this 31st day of October, 2017.

                                        MELINDA HARMON
                               UNITED STATES DISTRICT JUDGE